PER CURIAM.
Errol D. Brooks challenges the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). This court is unable to review the trial court’s denial of the motion because Brooks’ motion is not included in the record on appeal, and the clerk of the circuit court can find no record of Brooks’ motion.[1]
Because we cannot review the matter without an adequate record, we affirm the trial court’s order. Since the lack of an adequate record is due to no fault of Brooks, our affirmance is without prejudice to Brooks’ right to file a renewed motion pursuant to rule 3.800(a) raising the same grounds within thirty days from the date of the mandate. Such motion shall not be considered successive. See Brown v. State, 790 So.2d 1133 (Fla. 2d DCA 2001).
Affirmed.
*1168 THREADGILL, A.C.J., and STRINGER, J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.

. The trial court's order specifically states that it is considering Brooks’ motion to correct an illegal sentence pursuant to rule 3.800(a), filed on March 8, 2001. Because of the specificity of the trial court’s order, this court does not question whether Brooks actually filed a motion with the trial court.